# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHARON K. JOHNSON,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-13-264-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Sharon K. Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 6, 1962 and was 49 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant worked in the past as a kitchen helper/cook and motel housekeeper. Claimant alleges an inability to work beginning April 1, 2009 due to limitations arising from depression, anxiety, panic attacks, hallucinations, memory

3

problems, concentration problems, poor judgment, and social withdrawal.

## Procedural History

On February 25, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 20, 2011, an administrative hearing was held before ALJ W. Thomas Bundy in Paris, Texas. On August 17, 2011, the ALJ issued an unfavorable decision on Claimant's application. On May 6, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) rejecting the opinion of the consultative examiner regarding Claimant's mental impairments; and (2) making findings at step five which were not

4

supported by substantial evidence.

## Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of depression, post traumatic stress disorder ("PTSD"), hypertension, carpal tunnel in the left hand, status post hysterectomy, history of anemia, rotator cuff tear, and diabetes mellitus. (Tr. 26). The ALJ also found Claimant retained the RFC to perform a sedentary work with reaching in all directions of the non-dominant upper extremity no more than frequent (frequent defined as 1/3 to 2/3 of the workday). The ALJ found Claimant had a markedly limited ability to understand and remember detailed instructions and to carry out detailed instructions. He further found a markedly limited ability to interact appropriately with the general public such that she could perform simple tasks with routine supervision and could relate to supervisors and peers on a superficial work basis. He concluded Claimant could not relate to the general public but could adapt to a work situation. (Tr. 28). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of semi-conductor assembler, and clerical mailer both of which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 33).

Claimant contends the ALJ improperly rejected the mental health findings of Dr. Theresa Horton who performed a Mental Status Examination on Claimant on April 26, 2010. Dr. Horton diagnosed Claimant with Major Depressive Disorder, recurrent, severe with psychotic symptoms and Generalized Anxiety Disorder. She found Claimant to have low average versus borderline intellectual functioning. Dr. Horton concluded her assessment of Claimant by stating

> Ms. Johnson appears capable of understanding, remembering and managing simple instructions and tasks, but not more complex. Her pace is slow which will likely affect her level of productivity. She likely will have difficulty sustaining activity for periods of two hours, and will also struggle with adequate social and emotional adjustment into occupational settings. She likely does adequately in small, familiar social settings. She done also have multiple physical health complaints that will be further addressed in her physician's report.

(Tr. 413).

The ALJ acknowledged Dr. Horton's findings in his decision and recited them. (Tr. 29). The ALJ included restrictions in his RFC assessment by restricting Claimant to simple tasks and placing a marked limitation on Claimant's ability to understand, remember, and carry out detailed instructions. He also included restrictions on working with supervisors and peers and interaction with the general public. He did not include any restriction in his RFC for

Claimant's slow pace found by Dr. Horton which she found "would likely affect her level of productivity." By doing so, he has implicitly rejected Dr. Horton's opinion, in part, while accepting it in other parts without explaining the rejection. He cannot pick and choose through the uncontradicted medical opinion evidence. Haga v. Astrue, 482 F.3d 1205, 1207 (10th Cir. 2007). On remand, the ALJ shall re-evaluate Dr. Horton's opinion evidence and either include the totality of Dr. Horton's restrictions in his RFC assessment or explain why the opinion is rejected.

**Step Five Analysis**

In the questioning of the vocational expert, the jobs of semi-conductor assembler and clerical mailer were represented to be unskilled by the expert. (Tr. 45). A review of the *Dictionary of Occupational Titles* reveals that these representative jobs are actually semi-skilled. DOT 726.684-034 (Semi-Conductor Assembler); DOT 222.587-030 (Clerical Mailer). The increased skill level would appear to conflict with the ALJ's RFC assessment. (Tr. 27-28). The ALJ never inquired of the vocational expert as to whether his findings conflicted with the DOT. Since the testimony is inconsistent with the DOT, the ALJ's findings at step five insofar as they rely upon the testimony of the vocational expert are not supported by substantial evidence. Haddock v. Apfel, 196 F.3d

1084, 1087 (10th Cir. 1999). On remand, the ALJ shall re-question the vocational expert and insure that his testimony does not conflict with the DOT or ascertain an explanation for any such discrepancy.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE